# CIRCUIT COURT REPORTS

## NEW SERIES—VOLUME XVII.

CASES ARGUED AND DETERMINED IN THE CIRCUIT
COURTS OF OHIO.

---

## ACCEPTANCE OF PAYMENT BY CREDITOR FROM INSOLVENT DEBTOR.

Circuit Court of Cuyahoga County.

PABST BREWING COMPANY v. CASSIUS L. JOHNSON ET. AL.*

Decided, December 24, 1903.

*Insolvent Debtor—When May Prefer Creditor.*

Section 6343, Revised Statutes, as amended by 95 O. L., 608, does not
alter the rule of *Cross* v. *Carstone,* 49 O. S., 548, that a creditor
may accept payment as security from an insolvent debtor, so long
as it is not obtained for the benefit of a third party also.

*Klein & Harris,* for plaintiff in error.
*Tanney & Linder,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The petition must be dismissed. Section 6343, Revised Stat-
utes, as amended by 95 O. L., 608, does not, we think, alter the
rule of *Cross* v. *Carstone,* 49 O. S., 548, that a creditor may ac-

---

*Affirmed without opinion, *Pabst Brewing Co.* v. *Peltz et al.* 81 Ohio
State, 566.

cept payment or security from an insolvent debtor, so long as it is not obtained for the benefit of a third party also.

Whatever may be effect of the words "in trust or otherwise" and the words "to prefer one or more creditors," we do not infer that the Legislature intended so revolutionary a change as plaintiff contends.

It follows that the first assignment to Pelitz did not bring this case within that statute.

Nor could the pendency of this action, considered as a creditor's bill, have operated to prevent the administrator of Henry P. Johnson's estate from exercising his right and discharging his duty of paying the fund in question to the administrator of Myra C. Johnson's estate when the latter was appointed.

And whatever might have been the duty of Myra's administrator, had he been made a party before disbursing the fund, we see nothing in the pendency of the action against Cassius L. Johnson et al to prevent lawful payment by said administrator to him, or on his order, to his creditors. And this is so, even though such transaction resulted in preferring the creditors so paid.

The end accomplished was not unlawful. Neither was the concerted means. Hence there was no actionable conspiracy.